# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV01592 ERW |
| | ) | |
| FRANCIS SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, generally alleging violations of civil rights. Named as defendants are: Francis Slay (Mayor); Jennifer Joyce Hayes (Prosecutor); Joe Mokwa (former Chief of Police, St. Louis City); Ron Henderson (Chief of Police, St. Louis City) and Gary Wiegert (Police Officer).

Plaintiff alleges, in a vague and conclusory manner, that African American males in the City of St. Louis are denied citizenship and not provided "law classes" in City schools. Plaintiff also broadly alleges that the St. Louis City Police Department engages in illegal searches and seizures with respect to African American males and that the City Prosecutor's Office engages in "misconduct and misrepresentation" when

prosecuting African American males. In his request for relief, plaintiff asks that the Court "set up a board to review all police reports filed within the last 25 years and conduct early releases for all cases symbolizing illegal search & seizures." Plaintiff also requests "four million dollars, American or Euro."

## Discussion

"Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The case should be dismissed as frivolous because the complaint contains only conclusory allegations and fails to allege any specific facts, which if proven, would afford a basis for the granting of relief. Moreover, plaintiff has failed to link any of the alleged wrongful acts with persons he believes have direct responsibility for such acts. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983

suits). Based on the aforementioned, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th Day of November, 2008.

        E. RICHARD WEBBER
        UNITED STATES DISTRICT JUDGE